MENTE & COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39083.   Promulgated October 22, 1931.

*J. Marvin Haynes, Esq.*, and *W. C. Magathan, Esq.*, for the petitioner.

*T. M. Mather, Esq.*, and *J. M. Morawski, Esq.*, for the respondent.

**OPINION.**

ARUNDELL: Petitioner contends that it should be allowed to take depreciation deductions on the increased value shown by the appraisal of assets taken over from the Burlap Manufacturing Company, Inc., hereinafter called the Burlap Company. Respondent's position is that the correct basis for depreciation is the same basis upon which the Burlap Company was entitled to compute depreciation.

Section 204(c) of the Revenue Act of 1926 provides as follows:

The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, except that—

Section 204(a)(7) reads:

The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\*     \*     \*     \*     \*     \*     \*

If the property (other than stock or securities in a corporation a party to the reorganization) was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

Section 203(h) provides that:

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

(2) The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

It seems to us that the above provisions exactly fit the present case. The assets of the Burlap Company were acquired by petitioner in connection with a reorganization as defined in section 203(h) and immediately after the transfer control remained in the same persons. In such cases the statute—section 204(a)(7)—provides that the basis shall be the same as it would be in the hands of the transferor, with adjustment for gain or loss recognized on the transfer. No adjustment is to be made in this case, as no gain or loss has been recognized to the Burlap Company. Cf. *David B. Gann*, 23 B. T. A. 999.

Counsel for petitioner admit that the case falls within section 204(a)(7), except for the phrase "in connection with a reorganization." They say that the petitioner acquired the Burlap Company assets in liquidation and upon the dissolution of that company and they contend that the dissolution of a corporation is not a reorganization within the meaning of the law. We think that this argument is premised on too narrow a view of the matter. It is not enough to look only at the dissolution of the Burlap Company and to use that as a basis for deciding the question. The several steps taken by the directors and stockholders of the two companies on the same

day must be taken into consideration as they were obviously each a part of the entire scheme. Those steps, stated in brief, were: (a) resolutions of petitioner's directors to acquire the entire stock of the Burlap Company for stock and bonds of petitioner; (b) the actual exchange of Burlap stock for stock and bonds of petitioner; (c) resolutions to dissolve the Burlap Company and for petitioner to acquire its assets in consideration of petitioner's assumption of its liabilities; (d) the execution of an act of dissolution of the Burlap Company; (e) the acquisition by petitioner of the Burlap Company's assets subject to its liabilities. When these several steps were completed the same persons who had owned the stock of the Burlap Company owned all the stock of petitioner. We think that clearly these transactions bring the case within the definition of a " reorganization " contained in section 302(h)(1), and that upon consideration of these several steps it must be held that petitioner acquired the Burlap Company's assets " in connection with a reorganization."

*Reliance Investment Co.*, 22 B. T. A. 1287, cited by petitioner, is not in point. That was not a reorganization case. There the taxpayer issued its stock for securities owned by another corporation. We held that upon the sale of such securities by the taxpayer the basis for gain or loss purposes was cost to the taxpayer as the case did not come within any of the exceptions enumerated in section 204(a) of the 1926 Act.

Reviewed by the Board.

*Decision will be entered for the respondent.*