FLUSHING NURSERIES COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42464. Promulgated March 21, 1932.

*G. A. O'Donohue, Esq.*, and *Laurence Graves, Esq.*, for the petitioner.

*F. B. Schlosser, Esq.*, for the respondent.

**OPINION.**

SMITH: Petitioner contends that it realized no gain upon the sale of certain real estate acquired in the manner set forth in our findings from the Land Company, since the fair market value of the real estate on the date of acquisition (January 5, 1926) was the amount of the consideration received on the date of the sale (January 6, 1926). The respondent contends that petitioner acquired the property in connection with a reorganization and that the basis to be used for computing the gain upon the sale is the cost of the property to the Land Company, such cost being stipulated as $96,802.

Section 204 (a) (7) of the Revenue Act of 1926 is as follows:

(a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(7) If the property (other than stock or securities in a corporation a party to the reorganization) was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

The term "reorganization," as used in section 204, is defined in section 203 (h) of this act as follows:

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

(2) The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

In *Mente & Co.*, 24 B. T. A. 401, we applied the above provisions of the same Revenue Act to transactions similar to those now under consideration. The question there presented was the basis for depreciation, whereas here it is the basis for gain; the basis for either is determined in accordance with section 204. We there said:

It seems to us that the above provisions exactly fit the present case. The assets of the Burlap Company were acquired by petitioner in connection with a reorganization as defined in section 203 (h) and immediately after the transfer control remained in the same persons. In such cases the statute—section 204 (a) (7)—provides that the basis shall be the same as it would be in the hands of the transferor, with adjustment for gain or loss recognized on the transfer. No adjustment is to be made in this case, as no gain or loss has been recognized to the Burlap Company. Cf. *David B. Gann*, 23 B. T. A. 999.

The only difference between the transactions in the instant proceeding and the transactions in the *Mente & Co.* case is that here three corporations are involved instead of two as in that case. This difference is not fatal, since the result is the same in both cases. After the several transactions were completed the same persons who had owned

the stock of the Land Company and Flushing Nurseries, Inc., owned all the stock of petitioner. Furthermore, petitioner acquired " all the properties of another corporation [the Land Company]." In like manner it acquired the properties of the Flushing Nurseries, Inc. These transactions bring the case within the definition of a reorganization contained in section 203 (h). We accordingly hold that petitioner acquired the real estate of the Land Company " in connection with a reorganization " and that upon the sale of such real estate the basis for computing the realized gain is the cost of the property to the transferor.

The respondent concedes the overstatement of the fair market value of the second mortgage received as a part of the consideration upon the sale in question, and proper adjustment will be made upon final settlement.

*Judgment will be entered under Rule 50.*