CARTER PUBLICATIONS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44838, 66891.  Promulgated May 23, 1933.

*H. A. Mihills*, *C. P. A.*, for the petitioner.
*F. B. Schlosser*, *Esq.*, for the respondent.

[2] In the revenue agent's report appended to the petition appears the following tabulation:

| Year | Accounts Receivable | Worthless Accounts Charged off | Recoveries |
|---|---|---|---|
| 1924 | $235,568.13 | | |
| 1925 | 233,563.79 | $13,970.59 | |
| 1926 | 172,802.20 | 3,977.63 | $804.38 |
| 1927 | 321,840.32 | 18,384.72 | 1,036.65 |
| 1928 | 319,910.10 | 13,173.54 | 2,158.48 |
| 1929 | | 6,448.36 | 605.94 |
| Totals | $1,283,684.54 | $55,954.84 | $4,605.45 |

OPINION.

LANSDON: In this proceeding we are required to decide only a question of law. The petitioner contends that in the circumstances set out in our findings of fact it purchased certain of the physical

assets of the Fort Worth Record Co. for $175,000 and, therefore, is entitled to compute gain or loss from the sale of such property and depreciation sustained in the use thereof on a cost basis of $175,000. The respondent has determined the transactions in question effected a reorganization as defined in section 203 (h) (1) of the Revenue Act of 1924 and therefore that the basis for computing gain or loss from sales or depreciation sustained in the use of assets so acquired is that to which the transferor was entitled under the provisions of section 204 (a) (7) of the same act.

The Fort Worth Record Co. distributed a part of its assets to its principal shareholder, thereafter sold the remainder to the petitioner and was at once dissolved. Instead of being a continuing reorganized corporation in any sense it ceased to exist, and from the date of its dissolution neither as a corporation nor through its stockholders did it have any continued interest in or control over the corporation that had purchased a portion of its assets for cash. *Cortland Specialty Co.* v. *Commissioner*, 60 Fed. (2d) 937; *H. L. Newman Co.*, 16 B.T.A. 533. It is equally difficult to see any reorganization of the petitioner, which merely bought some property and thereafter remained under and was operated for the same body of stockholders that controlled it prior to the transaction.

In the circumstances herein some of petitioner's stockholders took legal title to the stock of the Fort Worth Record Co., but only for the purposes of carrying out the agreement with Hearst. In their *ad interim* holding thereof, Carter and his associates were no more than trustees charged with the duty of accomplishing the terms of such agreement. Since none of such stockholders owned a majority of the Fort Worth Record Co. at the inception of this transaction, the procedure followed is not within the definition of a reorganization as contended by the respondent. The whole series of acts, corporate and otherwise, constituted only a single transaction in which the petitioner purchased certain tangible assets for cash. On this issue the determination of the respondent is reversed. *Weiss* v. *Stern*, 265 U.S. 242; *United States* v. *Phellis*, 257 U.S. 156; *Cooper* v. *Reynolds*, 60 Fed. (2d) 650; *E. G. Robertson*, 19 B.T.A. 534; *Robert A. Taft*, 27 B.T.A. 808; *Pinellas Ice & Cold Storage Co.* v. *Commissioner*, 57 Fed. (2d) 188. Cf. *Mente & Co.*, 24 B.T.A. 401; *Warner Co.*, 26 B.T.A. 1225.

The petitioner has abandoned its claim for a rate of depreciation higher than that allowed by the Commissioner. On this issue the determination of the respondent is affirmed.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

GOODRICH and LEECH dissent.